IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 13 MR WCM

| SOUTHERN POWER COMPANY, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| CLEVELAND COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on a Motion to Dismiss filed by Defendant Cleveland County (the "Motion to Dismiss," Doc. 14) and a Motion for Leave to File Amended Complaint filed by Plaintiff Southern Power Company (the "Motion to Amend," Doc. 20).

I. Procedural Background

On January 14, 2020, Southern Power Company ("SPC") filed its original Complaint against Cleveland County (the "County").[1] SPC seeks a declaration

---

[1] In the original Complaint, SPC alleges that subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 and that SPC is a Delaware corporation with its principal place of business in Georgia. Doc. 1, ¶ 3. The County is a citizen of North Carolina. See Moor v. County of Alameda, 411 U.S. 693, 718, 93 S.Ct. 1785, 1800, 36 L.Ed.2d 596 (1973) ("[F]or purposes of diversity of citizenship, political subdivisions are citizens of their respective States.") (quoting Illinois v. City of Milwaukee, 406 U.S. 91, 97, 92 S.Ct. 1385, 1390, 31 L.Ed.2d 712 (1972)). SPC further alleges that "the amount in controversy in this matter is in excess of $75,000." Doc. 1, ¶ 5.

1

that a July 24, 2007 Incentive and Development Agreement (the "Incentive Agreement") with the County is a valid and enforceable contract.

On March 9, 2020, the County filed its Motion to Dismiss, which argues that the Incentive Agreement is an illusory bilateral contract and that the Incentive Agreement is unenforceable because it fails to comply with an August 2007 amendment to North Carolina's Local Development Law, specifically N.C.G.S. § 158-7.1(h), and therefore that the County is immune from suit. See Data General Corp. v. County of Durham, 143 N.C. App. 97, 545 S.E.2d 243, 248 (2001) ("[I]n the absence of a valid contract, a state entity may not be subjected to contractual liability."). SPC has responded to the Motion to Dismiss, and the County has replied. Docs. 17 & 19.

On April 29, 2020, SPC filed the Motion to Amend. Doc. 20. The Motion to Amend has also been fully briefed. Docs. 22 & 23.

## II. Factual Background

### A. Allegations in the Original Complaint

SPC alleges that in the early 2000s, it identified Cleveland County as a potentially attractive location for a new gas-fired power plant, and initiated discussions with County officials about whether the County would offer economic incentives to facilitate the project. Doc. 1, ¶ 10. SPC contends that after a period of negotiation, the parties agreed upon the key terms of the Incentive Agreement – which was "structured as a common unilateral contract:

2

SPC would not be obligated to build a plant in Cleveland County, and the County would owe no incentive payments to SPC unless SPC did build a plant." Doc. 1, ¶ 15.

SPC alleges that the "then-County Attorney" participated in the drafting and revision process for the Incentive Agreement, which was finished in "early July of 2007." Doc. 1, ¶¶ 19-20.

The Incentive Agreement was approved by the Cleveland County Board of Commissioners (the "County Commissioners") following a public hearing on July 24, 2007 and the County and SPC executed the Incentive Agreement that same day. Doc. 1, ¶¶ 19-37.

SPC alleges that following execution of the Incentive Agreement, it proceeded to obtain contracts to supply electricity. Doc. 1, ¶¶ 38-39. Thereafter, "counsel for SPC reached out to the County, out of an abundance of caution, to confirm that the County remained committed to its contractual obligations as established in the Incentive Agreement." Doc. 1, ¶ 40. SPC alleges that in response to that request, the County Commissioners unanimously approved an "acknowledgement" on January 6, 2009 stating that "the County is committed to the incentive grants set forth" in the Incentive Agreement. Doc. 1, ¶ 41.

SPC then constructed "Plant Cleveland," which began commercial operations in December 2012. Doc. 1, ¶ 45. SPC alleges that County officials

3

attended both the groundbreaking ceremony that preceded construction, as well as the "commissioning ceremony" for the Plant in January 2013. Doc. 1, ¶¶ 43 & 46. SPC contends that no later than the 2013 commissioning ceremony, "the County understood that Plant Cleveland had achieved a 'Commercial Operations Date' under the terms of the Incentive Agreement" and "therefore satisfied the criteria in the Incentive Agreement to trigger annual incentive payments from the County." Doc. 1, ¶¶ 48 & 65.

SPC alleges that the County has "refused to make any incentive payments to SPC." Doc. 1, ¶ 66.

The existing Complaint contains a single claim—a request for a declaratory judgment—by which SPC asks that the Incentive Agreement be deemed "an enforceable contract that was within the County's authority to enter, and that neither the North Carolina Constitution nor any applicable statute prohibits the County from making the incentive payments contemplated therein." Doc. 1, ¶ 82.

### B. The Proposed Amendments

By the Motion to Amend, SPC does not attempt to assert any additional claims but rather seeks leave to add allegations to support its declaratory judgment claim, including specific allegations that the County was aware of the amendment of the Local Development Act and thereafter confirmed that

4

the Incentive Agreement complied with it. See Doc. 20-2, ¶¶ 38, 39, 45, & 84-85.

SPC also moves for leave to "add a request that the Court declare the County to be estopped from denying the validity" of the Incentive Agreement. Doc. 20, p. 1.

### III. Legal Standard

Amendments sought pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure are allowed with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2); United States v. ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451, 461 (4th Cir. 2013). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962).

## IV. Discussion

SPC contends that its Motion to Amend is brought in response to the County's argument, appearing in the Motion to Dismiss, that the Incentive Agreement is invalid because it does not comply with N.C.G.S. § 158-7.1(h). The County argues that the Motion to Amend "is futile and suggests bad faith." Doc. 22, p. 1.

### A. Futility

A futility review "is not equivalent to an evaluation of the underlying merits of the case. To the contrary, unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations … conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" Glob. Locating Sys., LLC v. ShadowTrack 247, LLC, No. 1:19-CV-00225-MR, 2020 WL 2114381, at *3 (W.D.N.C. May 4, 2020) (quoting Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC, CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (internal quotations and alterations omitted). In short, to deny a motion to amend on futility grounds, the Court must find that the "proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.1980), *cert. dismissed*, 448 U.S. 911, 101 S.Ct. 25, 65 L.Ed.2d 1141 (1980)).

Here, the County argues that SPC's proposed amendment is futile for two reasons. First, the County asserts that the proposed amendment does not address the County's argument that the Incentive Agreement is a "failed-bilateral-contract." Doc. 22, p. 6. Second, the County asserts that SPC's "estoppel theory is baseless" and reiterates its position that no valid contract exists between the parties due to the August 2007 amendment of N.C.G.S. § 158-7.1(h). Doc. 22, pp. 8-10. The County, therefore, urges the Court to deny the Motion to Amend and address the merits of SPC's claims through the Motion to Dismiss.

On the first point, SPC contends that its amendment did not need to address the County's failed bilateral contract argument "because SPC's brief opposing the County's motion to dismiss already did so." Doc. 23, p. 2. The undersigned is not persuaded by this position; the County's point is not that SPC has failed to respond to the argument at all but rather that the Motion to Amend is futile because the amendments SPC has proposed do not cure the deficiencies the County sees in the original Complaint regarding its view that the Incentive Agreement was an attempted bilateral contract.

As for the issue of potential estoppel, however, the amendments SPC proposes do go directly to the County's argument on that topic. Although the theory of equitable estoppel is more narrowly construed when asserted against a governmental entity, such a claim is available in certain contexts; "a

7

governmental entity may be estopped if it is necessary to prevent loss to another and the estoppel will not impair the exercise of governmental powers." Land-of-Sky Regional Council v. County of Henderson, 78 N.C. App. 85, 91, 336 S.E.2d 653, 657 (1985) (citing Washington v. McLawhorn, 237 N.C. 449, 454, 75 S.E.2d 402, 406 (1953)); see also Mecklenburg County v. Time Warner Entertainment-Advance/Newhouse Partnership, No. 3:05cv333, 2010 WL 391279, at * 15, n. 17 (W.D.N.C. Jan. 26, 2010) ("it appears that the County would be equitably estopped to deny that there was no breach. This is true even though the County is a political subdivision of the State.").

### B. Bad Faith

The County also argues that SPC's Motion to Amend is "a transparent stratagem designed to moot" its Motion to Dismiss. Doc. 22, p. 1. The County asserts that SPC's proposed amendment does not add anything new to the Complaint, and that SPC has "implicitly" argued from the start that the County should be estopped from asserting the invalidity of the Incentive Agreement. See Doc. 22, p. 4; see also Doc. 22, p. 18 ("The Court should see this proposed amendment and accompanying brief for what they are: a sur-reply to the County's Motion to Dismiss. SPC has added *nothing*.") (emphasis in briefing).

SPC admits that its Motion to Amend is made in response to the Motion to Dismiss. In that regard, SPC could have exercised its right to amend its

8

Complaint within twenty-one days of service of the Motion to Dismiss pursuant to FRCP 15(a)(1)(B). Nonetheless, it does not appear that SPC has been unreasonably slow in seeking leave to amend.

Additionally, SPC's request to add an explicit assertion that the County should be equitably estopped does not indicate to the undersigned that the Motion to Amend is made in bad faith or for the purpose of obtaining "some ulterior tactical advantage." Cf. GSS Properties, Inc. v. Kendale Shopping Center, Inc., 119 F.R.D. 379 (M.D.N.C. 1988) (denying motion to amend where plaintiff knew of the facts proposed to be included in an amendment prior to filing the action, went through initial pretrial conference and scheduling order without disclosing that amendment was possible, and evidence suggested that the proposed amendment was either an attempt to settle or punishment for failing to settle).

Under these circumstances, the undersigned finds that SPC should be allowed to amend its Complaint before the merits of its claims are considered. The undersigned expresses no opinion, though, as to whether SPC's claims may survive should they be challenged again by the County after the Complaint has been amended. See Orr v. U.S. EPA, No. 1:19 CV 226, 2020 WL 223920, at *2 (W.D.N.C. Jan. 14, 2020).

Finally, as the Motion for Leave to Amend is being granted, the County's Motion to Dismiss is moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint").

### IT IS THEREFORE ORDERED THAT:

1. SPC's Motion for Leave to File Amended Complaint (Doc. 20) is **GRANTED** and SPC is **DIRECTED** to file its Amended Complaint (Doc. 20-1) within seven (7) days of this Order.

2. The County's Motion to Dismiss (Doc. 14) is **DENIED AS MOOT**.

Signed: July 23, 2020

W. Carleton Metcalf
United States Magistrate Judge